**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PATIENCE SPESS**<br>Macungie, PA 18062<br>*Plaintiff,*<br>v.<br>**FRESHPET, INC.**<br>2410 Brodhead Road<br>Bethlehem, PA 18020<br>*Defendant.* | CIVIL ACTION NO.: ________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Patience Spess ("Plaintiff"), brings this action against her former employer, Freshpet, Inc. ("Defendant" or "Freshpet"). Defendant discriminated against Plaintiff because of her sex (female) and her age (59), including, without limitation, by terminating her employment and subjecting her to a hostile work environment, and retaliated against her because she engaged in protected activity, including complaining of race discrimination on behalf of her direct reports. Defendant failed to investigate Plaintiff's complaints, or remedy or prevent the discriminatory, hostile, and retaliatory work environment to which she was subjected, terminated Plaintiff's employment, and thereafter refused to interview or rehire her for positions for which she was qualified.

Plaintiff now brings claims pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623, *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"); and the Pennsylvania Human Relations Act, as amended, 43 P.S.

§ 951, *et seq*. ("PHRA"). Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and any other available statutory relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Patience Spess, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Macungie, PA.

2. Plaintiff was born in 1965 and is currently sixty-one (61) years of age.

3. Plaintiff is female.

4. Defendant Freshpet, Inc. is a corporation organized under the laws of the State of Delaware.

5. Defendant maintains a business location at 2410 Brodhead Road, Bethlehem, PA 18020, and Plaintiff primarily worked out of Defendant's Bethlehem, Pennsylvania location.

6. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendant employed more than twenty (20) employees.

8. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of its business.

9. At all times material hereto, Defendant was an employer within the meaning of the statutes which form the basis of this matter.

10. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under the ADEA, Title VII, Section 1981, and the PHRA.

12. This Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

13. This Court has jurisdiction over Count II (Title VII) pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

14. This Court has jurisdiction over Count III (Section 1981) pursuant to 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction over Count IV (PHRA) pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

17. On or about February 24, 2025, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), docketed as PHRC Case No. 202401614, complaining of the acts of discrimination and retaliation alleged herein. That Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC") as Charge No. 17F-2025-60402. Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of Plaintiff's PHRC Complaint (with personal identifying information redacted).

18. On or about May 21, 2025, Plaintiff filed a Second Complaint with the PHRC, docketed as PHRC Case No. 202507731, complaining of the acts of discrimination and retaliation alleged herein. That Second Complaint was cross-filed with the EEOC as Charge No. 17F-2026-

60862. Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of Plaintiff's Second PHRC Complaint (with personal identifying information redacted).

19. On or about June 12, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Charge No. 17F-2025-60402. Attached hereto and marked as Exhibit "3" is a true and correct copy of that Notice.

20. On or about June 18, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Charge No. 17F-2026-60862. Attached hereto and marked as Exhibit "4" is a true and correct copy of that Notice.

21. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

22. Plaintiff was hired by Defendant on or about November 7, 2022.

23. Plaintiff was born in July 1965.

24. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

25. Plaintiff last held the position of Senior Manager, Talent Acquisition and Workforce Planning.

26. Plaintiff last reported to Pamela Yousey (female, 50[1]), Vice President, Talent Management. Yousey reported to Thembi Machaba (female, 55), Chief Human Resources Officer. Machaba reported to Billy Cyr (male), Chief Executive Officer.

27. In February 2024, Plaintiff received a positive performance review and a salary increase, bonus, and equity.

[1] Ages contained herein are approximates.

28. In February 2024, Defendant hired Adam Weinberg (male, 35), Talent Acquisition Manager.

29. In May 2024, Defendant hired Brittany Prutton (female, 35), Talent Acquisition Partner.

30. In May 2024, Defendant hired Rhonda Kromer (female, 52), Talent Acquisition Partner.

31. In July 2024, Plaintiff began reporting to Yousey.

32. Yousey had no role in Plaintiff being hired.

33. Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than male and/or younger employees were treated.

34. Plaintiff's performance was unjustly criticized.

35. Work was removed from Plaintiff and assigned to Weinberg (male, 35).

36. Plaintiff was instructed not to speak up at weekly Human Resources meetings.

37. Plaintiff was interrupted by and/or talked over by Yousey.

38. Yousey communicated with Plaintiff's direct reports without involving Plaintiff.

39. On August 19, 2024, in a meeting with Yousey, Yousey stated that some of Plaintiff's direct reports would need to be moved to support Weinberg (male, 35).

40. Plaintiff proposed an alternative realignment and offered to lend her support and have her team take on a portion of Weinberg's work.

41. Yousey stated that Plaintiff's proposal was not satisfactory to her, and instructed Plaintiff to end the assignments of the two (2) contract recruiters who had been reporting to Plaintiff.

42. Defendant reduced the number of Plaintiff's direct reports from eight (8) to six (6).

43. In October 2024, Defendant hired Megan Kraus Langdon (female, 25), Organizational Development Manager.

44. On December 16, 2024, in a meeting with some of Plaintiff's direct reports, including Luis Ramos (male, 45, Hispanic), Talent Acquisition Partner, Brittany Prutton (female, 35, white), Talent Acquisition Partner, Estefania Rosario (female, 35, Hispanic), Talent Acquisition Partner, and Rhonda Kromer (female, 55, white), Talent Acquisition Partner, Ramos and Prutton complained to Plaintiff of race discrimination in connection with how they were being treated. Ramos and Prutton stated that they were being singled out because they were not "Mexican" like the Human Resource Business Partner employees.

45. On December 17, 2024, in a meeting with Colin Bartholemew (male, 35), Senior Human Resource Business Partner, Plaintiff complained of race discrimination in connection with her direct reports. Plaintiff asked about the process of filing a complaint. Bartholemew instructed her to speak with Yousey.

46. On December 18, 2024, in a meeting with Yousey, Plaintiff complained of race discrimination in connection with her direct reports. Plaintiff stated that her direct reports had complained to her that they believed that they were being singled out because they were not "Mexican" like the Human Resource Business Partner employees.

47. Yousey stated that she met with Tara Benton (female, 55), Human Resources Director, Manufacturing and Supply Chain, and Greg Alcantar (male, 50), Senior Human Resources Business Partner, to discuss the situation.

48. On December 18, 2024, following the above, in a meeting with Ramos, Plaintiff stated that she had escalated the race discrimination complaint to Yousey.

49. Plaintiff received no further communication regarding her race discrimination

complaint.

50. Defendant failed to investigate Plaintiff's complaints of race discrimination.

51. On January 2, 2025, in a meeting with Machaba, Defendant terminated Plaintiff's employment, effective immediately. The stated reasons were position elimination, restructuring, and downsizing of the Talent Acquisition Team.

52. Plaintiff complained of retaliation based on her race discrimination complaint to Yousey and Bartholemew.

53. At the time of Plaintiff's termination, in addition to Plaintiff, the following employees directly reported to Yousey, and Plaintiff was more qualified for each of these employees' positions:

a. Adam Weinberg (male, 35), Talent Acquisition Manager; and

b. Megan Kraus Langdon (female, 25), Organizational Development Manager.

54. Plaintiff was the only employee directly reporting to Yousey who was terminated on January 2, 2025.

55. Defendant retained male and/or younger and/or noncomplaining employees in positions for which Plaintiff was more qualified.

56. Defendant retained all of Plaintiff's direct report employees, all of whom were male and/or younger and/or noncomplaining employees holding positions for which Plaintiff was more qualified.

57. Defendant assigned Plaintiff's job duties, responsibilities, and direct reports to substantially younger and/or male and/or noncomplaining employees, including Weinberg (male, 35). Plaintiff was more qualified to perform her job duties than the substantially younger and/or

male and/or noncomplaining employees, including Weinberg, to whom Defendant assigned Plaintiff's job duties.

58. Plaintiff had no disciplinary or performance issues throughout her employment.

59. Plaintiff was not placed on any progressive discipline before her employment was terminated.

60. On or about April 11, 2025, following the filing of her first PHRC Complaint and after a copy of that Complaint was sent to Defendant, Plaintiff applied for the posted Talent Acquisition Operations Specialist position.

61. Plaintiff was qualified for the position, as she had held this position previously at Defendant.

62. Other than a standard acknowledgment email confirming her application submission, Plaintiff received no communication regarding her application for the Talent Acquisition Operations Specialist position.

63. Defendant failed to interview Plaintiff for, and failed to select Plaintiff for, the Talent Acquisition Operations Specialist position for which she was qualified and had applied because of her sex, her age, her sex/age, and/or her engaging in protected activity, including her having filed a PHRC Complaint.

64. Defendant terminated Plaintiff's employment and failed to rehire her because of her age and/or her sex and/or her age/sex and/or her engaging in protected activity.

65. Defendant subjected Plaintiff to a hostile work environment because of her age and/or her sex and/or her age/sex and/or her engaging in protected activity.

66. Defendant failed to remedy or prevent the age and sex discrimination and retaliation against Plaintiff.

67. The discriminatory and retaliatory conduct of Defendant, as alleged herein, was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

68. The retaliatory actions taken against Plaintiff after she complained of discrimination would have discouraged a reasonable employee from complaining of discrimination.

69. Defendant's age, sex, and age/sex discrimination and retaliation against Plaintiff has caused her emotional distress.

70. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**<u>COUNT I - ADEA</u>**

71. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

72. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

73. Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

74. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

75. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

76. No previous application has been made for the relief requested herein.

**COUNT II – TITLE VII**

77. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

78. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

79. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

80. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

81. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

82. No previous application has been made for the relief requested herein.

**COUNT III - SECTION 1981**

83. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

84. By committing the foregoing acts of retaliation against Plaintiff because of her opposition to and complaints of race discrimination, Defendant has violated Section 1981.

85. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

86. As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

87. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

88. No previous application has been made for the relief requested herein.

**COUNT IV - PHRA**

89. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

90. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

91. Said violations were intentional and willful.

92. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

93. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

94. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of Title VII;

(c) declaring the acts and practices complained of herein to be in violation of Section 1981;

(d) declaring the acts and practices complained of herein to be in violation of the PHRA;

(e) enjoining and permanently restraining the violations alleged herein;

(f) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(g) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i) awarding liquidated damages to Plaintiff under the ADEA;

(j) awarding punitive damages to Plaintiff under Title VII and Section 1981;

(k) awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, Section 1981, and the PHRA;

(l) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(m) granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By: *<u>/s/ Rahul Munshi</u>*
RAHUL MUNSHI, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
munshi@consolelaw.com

*Attorney for Plaintiff, Patience Spess*

Dated: August 17, 2026